UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BRIAN BLEVINS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )   CAUSE NO. 1:12-CV-329 |
| | ) |
| ALLSTATE PROPERTY AND CASUALTY | ) |
| INSURANCE COMPANY, | ) |
| | ) |
|     Defendant. | ) |

## OPINION AND ORDER

This case was removed to this Court from the Blackford Superior Court by Defendant based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Docket # 2.) The Notice of Removal alleges that Plaintiff Brian Blevins "is a resident of Blackford County, Indiana," and that "[a]ccordingly, pursuant to federal law, Plaintiff is considered to be a citizen of the State of Indiana." (Notice of Removal ¶ 8.)

Defendant's Notice of Removal, however, is inadequate because the "residency" of each party is meaningless for purposes of diversity jurisdiction, as "citizenship is what matters." *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332); *see* 28 U.S.C. § 1332. "It is well-settled that when the parties allege residence but not citizenship, the court must dismiss the suit." *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) (internal quotation marks and citation omitted); *see generally Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 677-78 (7th Cir. 2006). Therefore, as citizenship does not necessarily equate with residence, *Dahlstrom v. Simon*, No. 00 C 5189, 2000 WL 1231391, at *1

1

(N.D. Ill. Aug. 28, 2000), alleging that Plaintiff Brian Blevins is a *citizen* of the State of Indiana simply because he is a *resident* of Indiana is insufficient.

Therefore, the Court must be advised of the citizenship of Plaintiff Blevins. "For natural persons, state citizenship is determined by one's domicile." *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993); *see also Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("But residence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run."); *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) ("In federal law citizenship means domicile, not residence.").

Therefore, Defendant is ORDERED to supplement the record by filing an Amended Notice of Removal on or before October 9, 2012, properly alleging the citizenship of Plaintiff Brian Blevins.

SO ORDERED.

Enter for this 24th day of September, 2012.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge